# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| OSCAR USHER,<br><br>　Plaintiff,<br><br>v.<br><br>MLG ENTERPRISE LLC and MICHAEL GEORGE,<br><br>　Defendants. | CIVIL ACTION FILE NO:<br>1:22-CV-0313-MHC<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff brings this action for damages and other relief against Defendants MLG ENTERPRISE LLC and MICHAEL GEORGE and alleges as follows:

### NATURE OF THE ACTION

1. This is an action for unpaid minimum wages and overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* ("FLSA") and for breach of contract under Georgia law.

### PARTIES

2. Plaintiff Oscar Usher ("Mr. Usher" or "Plaintiff") is a citizen of Georgia.

3. Defendant MLG Enterprise LLC ("MLG Enterprise") is a Georgia company licensed to conduct business in Georgia.

4. MLG Enterprise's principal office is located at 3379 Peachtree Road, NE, Suite 555, Atlanta, Georgia 30326.

5. MLG Enterprise may be served with process by delivering a copy of the Summons and this Complaint to its registered agent, Michael George, located at 3379 Peachtree Road, NE, Suite 555, Atlanta, Georgia 30326.

6. MLG Enterprise is subject to personal jurisdiction in this Court.

7. Defendant Michael George, ("Mr. George," and collectively with MLG Enterprise, "Defendants") is a natural person and may be served with service of process wherever he may be found.

8. Mr. George is subject to personal jurisdiction in this Court.

## JURISDICTION AND VENUE

9. The Court has original jurisdiction over Mr. Usher's FLSA claim pursuant to 28 U.S.C. § 1331 because it raises questions of federal law.

10. The Court has jurisdiction over Mr. Usher's state law claim pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

11. Mr. Usher's state law claim arises out of a common nucleus of operative facts as his federal claims for unpaid overtime wages under the FLSA because both claims arise out of MLG Enterprise's wage and hour policies and practices.

12. Under 28 U.S.C. § 1391 and Local Rule 3.1(B)(3), venue is proper because a substantial part of the events or omissions giving rise to Mr. Usher's claims occurred in Fulton County, Georgia, which is located within the Atlanta Division of the Northern District of Georgia.

**FACTUAL ALLEGATIONS SHOWING THAT MLG ENTERPRISE EMPLOYED MR. USHER**

13. MLG Enterprise is a construction company, which does new builds and remodeling projects.

14. MLG Enterprises provides its services throughout the Metro Atlanta area.

15. MLG Enterprise qualifies as an "employer" within the meaning of the FLSA.

16. MLG Enterprise is a covered enterprise under the FLSA.

17. MLG Enterprise's gross sales or business done exceeds $500,000.00 annually.

18. MLG Enterprise is an enterprise engaged in commerce or the production of goods for commerce within the meaning of the FLSA.

19. MLG Enterprise employs two or more individuals who engage in commerce or regularly handle or otherwise work on goods or materials that have been moved in or produced for commerce.

20. MLG Enterprise purchases building supplies which were manufactured outside of the state of Georgia.

21. While performing their job duties, MLG Enterprise's employees regularly handle materials that were manufactured outside of the state of Georgia.

22. While performing their job duties, MLG Enterprise's employees regularly use power tools and/or computers manufactured outside the state of Georgia.

23. MLG Enterprise employed Mr. Usher as that term is defined by the FLSA.

24. Mr. Usher worked for MLG Enterprise as a project manager.

25. As part of his job duties, Mr. Usher lined up subcontractors for projects, purchased and delivered materials, and collected client payments.

26. MLG Enterprise hired Mr. Usher.

27. MLG Enterprise maintained Mr. Usher's employment records.

28. MLG Enterprise set Mr. Usher's work schedule.

29. MLG Enterprise regularly evaluated Mr. Usher's performance.

30. MLG Enterprise paid Mr. Usher's wages.

31. MLG directed Mr. Usher's work.

32. MLG Enterprise told Mr. Usher which projects to work on and at what times.

## FACTUAL ALLEGATIONS SHOWING THAT MR. GEORGE EMPLOYED MR. USHER

33. Mr. George employed Mr. Usher as that term is defined by the FLSA.

34. Mr. George is the sole owner of MLG Enterprise.

35. As the sole owner, Mr. George was personally involved with the day-to-day operations of MLG Enterprise.

36. Mr. George set the pay policies relevant to Mr. Usher.

37. Mr. George hired Mr. Usher.

38. At all times during Mr. Usher's employment, Mr. George had the authority to fire Mr. Usher.

39. At all times during Mr. Usher's employment, Mr. George had the authority to reprimand Mr. Usher.

40. Mr. George regularly evaluated Mr. Usher's job performance.

41. Mr. George approved payroll for Mr. Usher.

42. Mr. George set Ms. Usher's work schedule.

43. While employed by Defendants, Mr. Usher was an individually covered employee under the FLSA.

44. By way of example, Mr. Usher was in regular contact with lenders who reside outside of the state of Georgia.

**FACTS SUPPORTING MR. USHER'S CLAIM FOR UNPAID WAGES IN VIOLATION OF THE FLSA**

45. Mr. Usher began working for Defendants in Spring of 2014.

46. Mr. Usher ceased working for Defendants for approximately one and one-half years, from about Fall of 2016 until about November of 2018.

47. Mr. Usher permanently quit his employment with Defendants on or about August 16, 2021.

48. Per an agreement between the Parties, Defendants were to compensate Mr. Usher $250 per day for each day worked.

49. However, Defendants regularly did not pay Mr. Usher $250 for each day worked.

50. Defendants occasionally paid Mr. Usher no wages for a day's work.

51. Defendants often paid Mr. Usher no wages for a full week of work, despite Mr. Usher working during that time.

52. While the end-time of his shift changed, Mr. Usher's typical work schedule had him work Monday through Friday, typically beginning at 7:00 AM.

53. Mr. Usher typically worked for Defendants until 9:00 PM.

54. Defendants typically directed Mr. Usher to work more than 40 hours in a workweek.

55. Defendants frequently directed Mr. Usher to work on Saturdays.

56. Mr. Usher regularly worked in excess of 40 hours per workweek for Defendants.

57. Defendants knew Mr. Usher worked in excess of 40 hours because, among other reasons, he was regularly scheduled by Defendants to work more than 40 hours per workweek.

58. Defendants also knew Mr. Usher worked more than 40 hours in certain workweeks because Mr. Usher regularly contacted Mr. George early in the morning and late into the evening regarding work on behalf of Defendants.

59. In violation of the FLSA's recordkeeping requirement, Defendants failed to maintain accurate records of Mr. Usher's hours worked.

60. Defendants' practices resulted in Mr. Usher working hours in excess of 40 per week, for which he was not compensated at one and one-half times his regular rate of pay.

61. Defendants knew, or should have known, that Mr. Usher worked hours in excess of 40 during certain workweeks, for which he was not properly compensated.

**FACTS SUPPORTING MR. USHER'S BREACH OF CONTRACT CLAIM FOR UNPAID NON-OVERTIME WORK**

62. MLG Enterprise employed Mr. Usher to perform work as a project manager.

63. MLG Enterprise had an agreement with Mr. Usher to pay him $250 per day for each day he worked on behalf of MLG Enterprise.

64. This agreement to compensate Mr. Usher at $250 per day constituted a contract under Georgia law.

65. Mr. Usher performed work on behalf of MLG Enterprise in accordance with their contract.

66. Despite MLG Enterprise's contractual obligations, MLG Enterprise did not compensate Mr. Usher $250 per day.

67. As a result of not compensating Mr. Usher at $250 per day for each day worked, MLG Enterprise failed to compensate Mr. Usher for all hours worked in certain workweeks.

**68.** MLG Enterprise did not pay Mr. Usher for certain days he worked.

**69.** MLG Enterprises did not pay Mr. Usher for entire workweeks he worked.

70. As a result, MLG Enterprise failed to pay Mr. Usher for all hours he worked between 0 – 40 hours at the contractual rate.

71. Thus, MLG Enterprise breached its contract with Mr. Usher.

### COUNT 1: FAILURE TO PAY OVERTIME WAGES
### (Defendants Collectively)

72. Plaintiff worked more than 40 hours per week during certain workweeks while employed by Defendants.

73. Defendants failed to compensate Plaintiff for all time worked, including those in excess of 40 hours per workweek.

74. Defendants failed to compensate Plaintiff at one and one-half times his regular rate of pay for all time worked over 40 hours during certain workweeks.

75. Defendants suffered or permitted Plaintiff to work hours in excess of 40 hours during certain workweeks.

76. Defendants knew, or should have known, that Plaintiff worked in excess of 40 hours during certain workweeks.

77. Defendants knew Plaintiff worked more than 40 hours during certain workweeks, but chose not to pay Plaintiff one and one-half times his regular rate of pay for time worked over 40 hours per workweek.

78. Defendants violated the FLSA's overtime provision willfully and with reckless disregard for Plaintiff's rights.

79. Plaintiff seeks his unpaid overtime for all time over 40 hours in certain workweeks, in which Defendants failed to compensate him at 1.5 times his regular rate of pay.

80. Pursuant to U.S.C. § 216(b), Defendants are liable to Plaintiff for all unpaid overtime wages, liquidated damages, and attorneys' fees and costs of litigation.

## COUNT 2: FAILURE TO PAY OVERTIME WAGES
### (Defendants Collectively)

81. During the time relevant to this Complaint, Plaintiff performed work on behalf of Defendants.

82. For certain workweeks, Defendants failed to compensate Plaintiff any wages for the work he performed.

83. Defendants failed to compensate Plaintiff at least $7.25 per hour for all hours he worked.

84. Defendants suffered or permitted Plaintiff to work hours for which Defendants failed to compensate Plaintiff least $7.25 per hour for all hours he worked.

85. Defendants knew, or should have known, that Plaintiff worked hours for which he was not compensated least $7.25 in certain workweeks.

86. Defendants knew Plaintiff worked hours for which he was not compensated least $7.25 in certain workweeks, but chose not to pay Plaintiff at least $7.25 per hour for each hour worked.

87. Defendants violated the FLSA's minimum wage provision willfully and with reckless disregard for Plaintiff's rights.

88. Plaintiff seeks his unpaid minimum wages for all time Defendants failed to compensate him at least $7.25 per hour for each hour worked during certain workweeks.

89. Pursuant to U.S.C. § 216(b), Defendants are liable to Plaintiff for all unpaid minimum wage wages, liquidated damages, and attorneys' fees and costs of litigation.

### COUNT 3: BREACH OF CONTRACT
### (Defendant MLG Enterprise)

90. Defendant MLG Enterprise had a contractual obligation to pay Plaintiff $250 per day for all straight-time hours worked.

91. Defendant MLG Enterprise failed to pay Plaintiff at the agreed-upon rate for all straight-time hours worked.

92. Each time Defendant MLG Enterprise failed to pay Plaintiff the agreed-upon wage for all hours worked, Defendant MLG Enterprise breached its contractual agreement with Plaintiff.

93. As a result of Defendant MLG Enterprise's breach of contract, Defendant MLG Enterprise is liable to Plaintiff for all non-overtime wages due to Plaintiff for hours worked that remain unpaid at the contractually-specified rate.

94. Defendant MLG Enterprise also breached the duty of good faith and fair dealing, which is implied in every contract entered into or to be performed in the State of Georgia, by knowingly failing to pay his for all hours worked.

95. Any and all conditions precedent to Plaintiff's bringing this lawsuit have been fulfilled, satisfied, or waived.

## DEMAND FOR JUDGMENT

Plaintiff respectfully requests that the Court:

(a) Declare that Defendants violated the FLSA;

(b) Enter judgment against Defendants that they violated the FLSA and, further, that their violations were willful;

(c) Declare that Defendant MLG Enterprise breached its contract with Plaintiff;

(d)     Enter judgment against Defendant MLG Enterprise that it breached its contract with Plaintiff;

(e)     Enter a monetary judgment against Defendants, including:

      i)     Unpaid straight-time wages against Defendant MLG Enterprise;

      ii)     Unpaid minimum wages and overtime wages at one and one-half times Plaintiff's regular rate of pay against Defendants, jointly and severally;

      iii)     Liquidated damages in an amount equal to Plaintiff's unpaid minimum wages and overtime wages against Defendants, jointly and severally;

      iv)     Other compensatory damages suffered by Plaintiff, in an amount to be proven at trial, against Defendants, jointly and severally;

      v)     Reasonable costs and attorneys' fees against Defendants, jointly and severally;

      vi)     Prejudgment interest against Defendants, jointly and severally;

      vii)     Post-judgement interest continuing to accrue against Defendants, jointly and severally; and,

(f)     Grant such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a jury trial.

Respectfully submitted: January 26, 2022.

|  |  |
|---|---|
| **POOLE HUFFMAN, LLC.** | */s/ William S. Cleveland* |
| 3562 Habersham at Northlake | William S. Cleveland |
| Building J, Suite 200 | Georgia Bar No. 721593 |
| Tucker, Georgia  30084 | billy@poolehuffman.com |
| T: (404) 373-4008 | F: (888) 709-5723 |  |

*Counsel for Plaintiff*